# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WAYNE HARTUNG, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 18-00543-KD-M |
| ) | |
| OCWEN LOAN SERVICING, LLC, *et al.*, ) | |
|     Defendants. ) | |

## ORDER

This matter is before the Court on Plaintiff's Fed.R.Civ.P. 15(a) "Unopposed Motion for Leave to File Amended Complaint. (Doc. 37).

On December 27, 2018, Plaintiff initiated this Fair Credit Reporting Act litigation. (Doc. 1). Defendants filed their respective answers in January and March of 2019. (Docs. 8, 19, 22, 25-26). On April 14, 2019, Plaintiff filed the motion to amend, to add PHH Mortgage Corporation (PHH) as a party, and to make stylistic and typographical changes. As grounds, Plaintiff explains:

> The subject mortgage loan was transferred to PHH after this case was filed and many of the practices that are addressed in the lawsuit were continued by PHH as the new servicer of Plaintiff's mortgage loan. No additional claims are added against the existing Defendants. No party will be unduly prejudiced by the proposed amendment, nor will the amendment unnecessarily delay the prosecution of this case.

At this stage in the litigation, the ability to amend under Rule 15(a)(1) has passed, leaving Rule 15(a)(2) as the vehicle for Plaintiff's amendment. Absent Defendants' written consent, Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed.R.Civ.P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of Am. Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). Courts "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or

dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); Donley v. City of Morrow, Ga., 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same)).

While there is no written consent filed by Defendants, Plaintiff's motion indicates that the Defendants do not oppose the requested amendment. Additionally, upon consideration of the relevant factors, there is no indication in the record of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the Defendants via the amendment, and/or futility. Thus, as the Court is instructed to "freely give leave" to amend "when justice so requires" -- and cannot presently discern "a substantial reason" to deny same -- it is **ORDERED** that Plaintiff's motion to amend (Doc. 37) is **GRANTED.**

**DONE** and **ORDERED** this the **18th** day of **April 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**